UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT WEST            :
                       :
       v.              :       C.A. No. 16-081M
                       :
CAROLYN COLVIN, Acting :
Commissioner of the Social Security :
Administration         :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Social Security Insurance ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on February 22, 2016 seeking to reverse the decision of the Commissioner. On July 30, 2016, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (Document No. 9). On August 25, 2016, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (Document No. 10). Plaintiff filed a Reply Brief on October 13, 2016. (Document No. 12).[1]

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties'

---

[1] Pursuant to the Scheduling Order in this case (Document No. 7), a reply brief from Plaintiff is permitted to address issues raised in the Defendant's Brief and not fully discussed in his original Brief. It is not an opportunity to raise new arguments in support of remand. In his original Brief, Plaintiff argues in Section III (Document No. 9 at pp. 12-14) that the ALJ erred by adopting the opinions of the state agency physicians over those of Dr. Rodriguez. The argument focused solely on Plaintiff's physical impairments and claimed exertional limitations. Now, in his Reply Brief, Plaintiff inappropriately attempts to shift gears and argue that the ALJ erred in evaluating his mental impairments and nonexertional limitations, and gave too much weight to the opinions of the "state agency psychological consultants." The Reply Brief is an improper and untimely attempt to raise a new argument and is stricken.

submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (Document No. 9) be DENIED and that the Commissioner's Motion to Affirm (Document No. 10) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for SSI on May 9, 2013 (Tr. 177-185) alleging disability since June 1, 2005. The application was denied initially and on reconsideration. Plaintiff filed previous SSI applications in 2009 and 2012, which were denied, but not administratively appealed, and which became administratively final. (Tr. 13). Plaintiff requested an Administrative Hearing. On September 10, 2014, a hearing was held before Administrative Law Judge Donald P. Cole (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. (Tr. 34-62). The ALJ issued an unfavorable decision to Plaintiff on October 2, 2014. (Tr. 10-26). The Appeals Council denied Plaintiff's request for review on January 12, 2016. (Tr. 1-3). Therefore the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly assess his credibility and failed to properly account for his chronic back pain in his RFC finding. Plaintiff also contends that the ALJ erred by favoring the opinions of Dr. Green and Dr. Laurelli, reviewing physicians, over the opinions of Dr. Rodriguez, his treating physician.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's findings are supported by substantial evidence and must be affirmed.

### III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause

for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported

by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.     Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

**D.     The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not

disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant

becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-

exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4) Treatment, other than medication, for relief of pain;

(5) Functional restrictions; and

(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V. APPLICATION AND ANALYSIS

#### A. The ALJ's Decision

The ALJ found that Plaintiff's left knee arthritis, obesity, affective, anxiety, somatoform, personality and substance abuse disorders were severe impairments which neither met nor equaled a listing. (Tr. 19). He found Plaintiff's seizure disorder and chronic back pain to be non-severe.

(Tr. 18). The ALJ concluded that Plaintiff had the RFC to perform medium work, with the following limitations related to his physical and mental impairments:

> Occasional climbing of stairs/ramps, kneeling, crouching and crawling, of inability to climb ropes/ladders/scafffolds, that he must avoid all exposure to hazards such as moving machinery and unrestricted heights, and is further limited to understanding, remembering, and carrying out simple, routine, repetitive tasks, with breaks every two hours, to no interaction with the general public, and to occasional work-related, non-personal, non-social interaction with coworkers and supervisors involving no more than a brief exchange of information or hand-off of product.

(Tr. 21).

The ALJ stated that the restriction on exposure to moving machinery and unrestricted heights was derived from his seizure disorder. (Tr. 22, fn.10). The ALJ ultimately determined that such RFC allowed for other work that existed in significant numbers, and that accordingly, Plaintiff was not disabled.

### B.     Plaintiff Has Shown No Error in the ALJ's Credibility Finding

Plaintiff contends that the ALJ did not fully and properly evaluate the credibility of his subjective reports regarding the functional impact of his pain. He argues that the ALJ failed to discuss or analyze his statements concerning his pain and limitations. (Document No. 9 at p. 10). Plaintiff is incorrect.

Although the ALJ's credibility assessment is not neatly packaged in a single section of his decision, the decision read as a whole sufficiently assesses the Avery factors. First, in addition to thoroughly discussing and evaluating the medical evidence of record, the ALJ considered Plaintiff's statements about the nature, location and alleged limiting effects of his pain. (Tr. 18, 22). The ALJ

considered both Plaintiff's hearing testimony[2] and his responses on the Function Report (Exh. 8E) that he was limited by both his back and knee pain. Id. In discounting the credibility of Plaintiff's statements, the ALJ appropriately relied upon his "limited" treatment history (Tr. 16, 22) and the inconsistency between his testimony and the daily activities disclosed in the Function Report. (Tr. 20). Accordingly, Plaintiff's claim that the ALJ's decision contains "no discussion or analysis of [his] statements concerning his pain and limitations" (Document No. 9 at p. 10) is unsupported. Plaintiff has shown no legal or factual error in the ALJ's credibility determination.

       **C.**     **The ALJ Properly Considered Plaintiff's Non-severe Back Impairment When Assessing his RFC**

At Step 2, the ALJ concluded that Plaintiff's back impairment was non-severe, i.e., did not significantly limit his ability to perform basic work activities. (Tr. 18; 20 C.F.R. § 416.920(c)). Plaintiff does not challenge that Step 2 finding. The parties also agree that the ALJ was required to consider both severe and non-severe impairments when assessing Plaintiff's RFC. 20 C.F.R. § 416.945(a)(2). However, Plaintiff argues that the ALJ erred by failing to consider his back impairment when assessing RFC.

In the RFC section of his decision, the ALJ expressly states that he considered all of Plaintiff's symptoms, to the extent they were reasonably consistent with the record. (Tr. 21). He also specifically stated that Plaintiff's back impairment "would not further reduce his [RFC] determined herein." (Tr. 22). In other words, contrary to Plaintiff's assertion, the ALJ did consider

---

[2] See Cruz v. Astrue, Civ. No. 11-638, 2013 WL 795063, at *16 (D.R.I. Feb. 12, 2013) ("In critiquing the ALJ's credibility determination, this Court is mindful of the need to tread softly, because '[i]t is the responsibility of the Commissioner to determine issues of credibility and to draw inferences from the record....'The ALJ's credibility determination, which is based upon [his] observation of the plaintiff, evaluation of demeanor, and consideration of how [his] testimony fits in with the rest of the evidence, is entitled to deference.").

Plaintiff's back condition in his RFC analysis. The fact that the ALJ disagreed with Plaintiff as to the degree of limitation attributable to his back condition is simply not reversible error.

Plaintiff also contends that the fact that the ALJ did include a limitation in his RFC finding for Plaintiff's non-severe seizure disorder, shows that he did not consider Plaintiff's non-severe back impairment. This is a non sequitur. It simply does not follow that the inclusion of a nonexertional limitation arising out of a seizure risk means that the ALJ did not consider the limiting effects of Plaintiff's non-severe back impairment. Actually, counter to Plaintiff's argument, it shows that the ALJ was well aware of his obligation to consider all impairments (severe and non-severe) in his RFC evaluation. Plaintiff has shown no error.

### D. Substantial Evidence Supports the ALJ's Assessment of the Medical Opinion Evidence

Plaintiff's final argument is that the ALJ failed by giving more weight to the opinions of the reviewing physicians, Dr. Green and Dr. Laurelli, than he did to the opinion of Dr. Rodriguez, Plaintiff's primary care physician. This claim fails as well.

The ALJ found that Dr. Rodriguez's opinion was inconsistent with other record evidence and therefore gave it less probative weight. (Tr. 23). See 20 C.F.R. § 404.927(c)(2) (the opinion of a treating physician is only entitled to controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence" in the record). This inconsistent evidence includes Thundermist notes during the relevant period, which reflect that Plaintiff was seen on an occasional basis for complaints of back and left knee pain and findings of limitation of motion and limping, but that he did not undergo extensive orthopedic evaluation or receive any ongoing specific and/or intensive treatment. (Tr. 633, 658-660, 662, 666, 673, 675, 697-699, 703-704, 707). It also includes Dr. Glieberman's

findings that Plaintiff was only limited in climbing stairs, bending, kneeling or squatting repeatedly, and that he should avoid heights and moving machinery. (Tr. 638-639). Dr. Glieberman examined and evaluated Plaintiff's condition on June 26, 2013. Id. In addition, the record shows relatively mild radiographic findings in his spine in October 2013. (Tr. 686-687).

Inconsistent medical evidence also includes the opinions of Dr. Green and Dr. Laurelli, who reviewed the record, and found that Plaintiff could perform work within the parameters of the ALJ's RFC determination. (Tr. 21, 98-99, 113-114). An ALJ is not automatically required to give greater weight to the opinions of sources who examined a claimant than to those of non-examining consultants, such as Dr. Green and Dr. Laurelli. See Arroyo v. Sec'y of HHS, 932 F.2d 82, 89 (1st Cir. 1991). Rather, the ALJ has the discretion to resolve conflicts between opinions of examining and non-examining sources, even where the examining source describes more severe conditions than do the reviewing consultants. See Rivera-Torres v. Sec'y of HHS, 837 F.2d 4, 5 (1st Cir. 1988). Thus, the ALJ did not err in exercising his discretion to assign more weight to the opinions of Dr. Green and Dr. Laurelli.

Plaintiff also asserts that the opinions of Dr. Green and Dr. Laurelli were not entitled to greater weight than the opinion of Dr. Rodriguez because the opinions lacked written analysis. (Document No. 9 at pp. 13-14). The record shows that Dr. Green conducted "somatic" reviews on June 4, 2013 and July 18, 2013 and both times outlined in detail the evidence she considered. (Tr. 95-96). Moreover, she provided a rationale explaining her RFC determination, stating that it was based on evidence of obesity and left knee osteoarthritis, and that uncomplicated hypertension and a mild lumbar impairment had also been considered as non-severe, but medically determinable, impairments. (Tr. 96, 99). Dr. Green found that the evidence did not support the existence of a

seizure disorder. Id. Dr. Green also opined that Plaintiff's alleged limitations were "out of proportion" to the totality of the medical evidence of record. (Tr. 99). Dr. Laurelli, who reviewed the claim at the reconsideration stage, likewise discussed the evidence he considered and also found that Plaintiff's alleged limitations were "out of proportion" to the totality of the medical evidence of record. (Tr. 110, 114). He further explained that the additional medical evidence of record did not describe events appropriately regarding a seizure disorder, but that he was adopting a limitation regarding exposure to hazards as a "precaution." (Tr. 114). Thus, contrary to Plaintiff's contention, the record is clear that both Dr. Green and Dr. Laurelli provided sufficient written support for their conclusions.

Ultimately, Plaintiff's challenge to the ALJ's evaluation of the medical opinion evidence inappropriately asks this Court to re-weigh the record evidence in a manner more favorable to him. See e.g., Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001) (the ALJ is responsible for weighing the evidence and resolving conflicts in the evidence). The ALJ weighed conflicting evidence in this record, and Plaintiff has shown no error in his ultimate decision to favor the opinions of the reviewing physicians over the opinions of Dr. Rodriguez. Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass. 2002) (The ALJ "may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors."). "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also." Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)). In other words, the issue presented is not whether this Court would have found Plaintiff's impairments to be disabling but whether the

record contains sufficient support for the ALJ's non-disabling finding. Since Plaintiff has shown no error in the ALJ's evaluation of the medical opinions and other evidence of record, there is no basis for reversal and remand of this disability benefits denial.

### VI. CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 9) be DENIED and that Defendant's Motion to Affirm (Document No. 10) be GRANTED. Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2016